**IN THE UNITED STATES**
**COURT OF INTERNATIONAL TRADE**

HELI AMERICA INC.,

Plaintiff,

Court No.: 26-03866

v.

UNITED STATES OF AMERICA; UNITED STATES CUSTOMS AND BORDER PROTECTION; and RODNEY S. SCOTT, in his official capacity as Commissioner of U.S. Customs and Border Protection,

Defendants.

---

**COMPLAINT**

Plaintiff Heli America Inc. ("Plaintiff"), states as follows against Defendant the United States of America ("United States") U.S. Customs and Border Protection ("CBP"), and CBP Commissioner Rodney S. Scott (collectively, "Defendants"):

1. From February to April of 2025, President Donald Trump issued multiple executive orders to impose tariffs on goods imported from multiple countries based on the International Emergency Economic Powers Act of 1977, 50 U.S.C. § 1701 et seq., ("IEEPA Tariffs").

2. Plaintiff is a US-based importer of record who has been assessed and paid IEEPA Tariffs on multiple entries since the very first executive order in February 2025.

3. On February 20, 2026, the United States Supreme Court held that the IEEPA tariffs were unlawful and that IEEPA does not permit the President to impose tariffs. *See Learning*

*Resources, Inc. v. Trump*, 146 S. Ct. 628 (2026) (affirming *V.O.S. Selections, Inc. v. Trump*, 149 F.4th 1312 (Fed. Cir. 2025)).

4. Since then, this Court has issued injunctions in multiple cases requiring CBP to liquidate or reliquidate entries that included IEEPA Tariffs and refund any duties paid with interest.

5. While Defendants have offered importers of record the ability to obtain refunds of IEEPA Tariffs on some entries that meet specific requirements, namely entries that are unliquidated or that fall within CAPE's administrative eligibility window of 80 days after liquidation, CBP has not offered importers any ability to obtain refunds of paid IEEPA Tariffs for entries that have been "finally liquidated." The 80-day CAPE eligibility cutoff is distinct from the legal concept of final liquidation: entries are "finally liquidated" after the full 90-day period for voluntary reliquidation following liquidation has expired. *See* 19 U.S.C. §1501.

6. This action is necessary because Defendants have previously represented that a court order is required to refund IEEPA Tariffs for entries more than 80 days past the liquidation date, and because Plaintiff is not guaranteed a refund of all IEEPA Tariffs it has paid in the absence of its own judgment and judicial relief. *See V.O.S. Selections, Inc. v. Trump, et. al*, Case No. 1:25-cv-000066, ECF 105 at 11 (June 25, 2026) (Ct. Int'l Trade).

7. This Court has issued orders in the *Euro-Notions* and *Princess Awesome* cases to "provide the Government with that legal authority" to process refunds of IEEPA Tariffs for the specific plaintiffs in those cases on entries beyond the full 90-day period for voluntary reliquidation following liquidation under 19 U.S.C. §1501, and indicated that plaintiffs can obtain further assistance from the Court if necessary. Plaintiff Heli America Inc. now seeks comparable

relief for itself, including a full refund of all IEEPA Tariffs it has paid on its entries. *See Euro-Notions Florida, Inc. v. U.S. Customs and Border Protection, et. al.*, Case No. 1:25-cv-00595, ECF 52 (July 20, 2026) (Ct. Int'l Trade); *see also Princess Awesome, LLC et. al., v. U.S. Customs and Border Protection, et. al.*, Case No. 1:25-cv-00078, ECF 25 (July 15, 2026) (Ct. Int'l Trade).

8. Plaintiff now seeks the same relief from this Court, namely an order directing Defendants to provide a full refund of all IEEPA Tariffs Plaintiff has paid on its entries of imported merchandise subject to IEEPA Tariffs, with interest as provided by law, and to reliquidate or liquidate those entries without regard to IEEPA Tariffs, as applicable.

## PARTIES

9. Plaintiff is a corporation registered in Georgia and doing business throughout the United States. Plaintiff is a subsidiary of Anhui Heli Co., Ltd., which is headquartered in Hefei, Anhui, China. Plaintiff is engaged in the importation and distribution of HELI material-handling equipment, including electric and internal-combustion forklifts, warehouse trucks, narrow-aisle equipment, heavy-duty industrial vehicles, lithium-ion equipment, parts/components, and related material-handling products. It imports and acts as importer of record for merchandise from China and pays duties on the same.

10. Defendant United States is the federal defendant. The actions complained of herein were undertaken by its agency CBP, which is a component of the U.S. Department of Homeland Security ("DHS").

11. Defendant CBP is a federal agency of the United States government and Defendant Rodney S. Scott is the Commissioner of CBP and is sued in his official capacity. Defendant CBP and Defendant Commissioner Scott are located in the District of Columbia with its principal office

at 1300 Pennsylvania Avenue, N.W., Washington, D.C. 20229. CBP is an agency within DHS. Among its duties, CBP is the agency that collected the IEEPA Tariffs paid by Plaintiff.

12. Pursuant to USCIT Rule 4(h), Defendant United States of America may be served by delivering or sending a copy of the summons and complaint to the Attorney-in-Charge, International Trade Field Office, Commercial Litigation Branch, U.S. Department of Justice.

13. Pursuant to USCIT 4(h)(2), Defendant CBP and Commissioner Scott may be served by serving the United States and also sending a copy of the summons and complaint by registered or certified mail, return receipt requested, to the agency, corporation, or officer or employee. Specifically, CBP and Commissioner Scott may be served by sending the summons and complaint by registered or certified mail to Office of Chief Counsel, U.S. Customs and Border Protection, 1300 Pennsylvania Avenue, Suite 4.4-B, Washington, D.C., 20229.

## STANDING AND JURISDICTION

14. Plaintiff has standing to bring this Complaint because on or after February 4, 2025, Plaintiff imported merchandise from China and paid IEEPA Tariffs on these entries. Plaintiff also has standing under 28 U.S.C. § 2631(i). Lastly, Plaintiff also has standing under 5 U.S.C. § 702 because it paid IEEPA Tariffs that were later found to be unlawful, and an order from this Court requiring CBP to refund the IEEPA Tariffs paid with interest would redress those injuries.

15. This Court has jurisdiction over this action under 28 U.S.C. § 1581(i). *See Learning Resources*, 146 S. Ct. 628, 637, fn. 1.

16. "The Court of International Trade shall possess all the powers in law and equity of, or as conferred by statute upon, a district court of the United States." 28 U.S.C. § 1585.

17. The Court may also order any form of relief "necessary to enable it to reach the correct decision" including issuing orders and injunctive relief, directing agency action, and money judgments. 28 U.S.C. § 2643.

18. An administrative protest under 19 U.S.C. § 1514 would be futile. This Court has held that liquidations are not protestable when the protests would hinge on the constitutionality of the duties assessed and that CBP was acting in a ministerial capacity when it collected the IEEPA Tariffs. Accordingly, an action under 28 U.S.C. § 1581(i) is the proper recourse for seeking refunds of those duties. *See AGS Co. Automotive Sols. v. U.S. Customs & Border Protection*, 813 F. Supp. 3d 1298 (Ct. Int'l Trade 2025).

## TIMELINESS

19. An action brought under 28 U.S.C. § 1581(i) must be commenced "within two years after the cause of action first accrues." 28 U.S.C. § 2636(i).

20. This action is timely because it commenced within two years of liquidation of Plaintiff's entries with IEEPA Tariffs and first payment of IEEPA Tariffs. Further, this action is timely because it commenced within two years of the first February 2025 executive order implementing the unlawful IEEPA Tariffs.

## LEGAL BACKGROUND AND CAPE

21. On February 1, 2025, citing IEEPA, the President issued Executive Order 14193, *Imposing Duties To Address the Flow of Illicit Drugs Across Our Northern Border*, 90 Fed. Reg. 9113 (Feb. 7, 2025), Executive Order 14194, *Imposing Duties To Address the Situation at Our Southern Border*, 90 Fed. Reg. 9117 (Feb 7, 2025), and Executive Order 14195, *Imposing Duties To Address the Synthetic Opioid Supply Chain in the People's Republic of China*, 90 Fed. Reg.

9121 (Feb. 7, 2025) imposing a 25% *ad valorem* tariff on products of Canada, a 25% *ad valorem* tariff on products of Mexico, and a 10% *ad valorem* tariff on products of China.

22. On March 3, 2025, citing, *inter alia*, authority under IEEPA, the President issued Executive Order 14228, *Further Amendment to Duties Addressing the Synthetic Opioid Supply Chain in the People's Republic of China*, 90 Fed. Reg. 11,463 (Mar. 7, 2025), to increase Executive Order 14195's 10% *ad valorem* tariff on products of China to 20% *ad valorem*.

23. On April 2, 2025, citing, *inter alia*, authority under IEEPA, the President issued Executive Order 14257, *Regulating Imports With a Reciprocal Tariff To Rectify Trade Practices That Contribute to Large and Persistent Annual United States Goods Trade Deficits*, 90 Fed. Reg. 15,041 (Apr. 7, 2025), imposing a baseline 10% *ad valorem* tariff on products from the vast majority of the United States' trading partners globally, and an 11%-50% additional *ad valorem* tariff based on each country as enumerated in Annex I of Executive Order 14257.

24. Citing, *inter alia*, authority under IEEPA, on April 8, 2025, the President issued Executive Order 14259, *Amendment to Reciprocal Tariffs and Updated Duties as Applied to Low-Value Imports From the People's Republic of China*, 90 Fed. Reg. 15,509 (Apr. 14, 2025), to increase the ad valorem tariff on products of China from 34% to 84%, and on April 9, 2025, the President issued Executive Order 14266, *Modifying Reciprocal Tariff Rates To Reflect Trading Partner Retaliation and Alignment*, 90 Fed. Reg. 15,625 (April 15, 2025), to increase the ad valorem tariff on products of China from 84% to 125% while also pausing other IEEPA Tariffs on other countries in Annex I of Executive Order 14266 for 90 days.

25. Since the first executive order in February 2025, importers *including Plaintiff* have been assessed by and have paid to Defendants IEEPA Tariffs on imported merchandise.

26. On May 28, 2025, a three-judge panel of this Court found that the President exceeded his authority under IEEPA by imposing the IEEPA Tariffs, and issued an injunction prohibiting the Government from assessing and collecting such tariffs, a decision that was upheld on appeal by the United States Court of Appeals for the Federal Circuit sitting *en banc* on August 29, 2025. *V.O.S. Selections, Inc. v. Donald J Trump*, 772 F. Supp. 3d. 1350, 1383 (Ct. Int'l Trade 2025), *aff'd*, 149 F.4th 1312 (Fed. Cir. 2025).

27. Then, on February 20, 2026, the United States Supreme Court agreed with this Court and the Federal Circuit, holding that the IEEPA tariffs were unlawful and that IEEPA does not permit the President to impose the IEEPA Tariffs. *See Learning Resources,* 146 S. Ct. 62 (affirming *V.O.S. Selections, Inc.*, 149 F.4th 1312 (Fed. Cir. 2025)).

28. On March 4, 2026, this Court ordered the United States and CBP to liquidate unliquidated entries without regard to IEEPA Tariffs and reliquidate entries where liquidation is not final without regard to IEEPA Tariffs. *Atmus Filtration, Inc. v. United States,* Case No. 26-01259, ECF 21 (Mar. 4, 2026) (Ct. Int'l Trade).

29. Shortly after, CBP developed functionality of the Consolidated Administration and Process of Entries ("CAPE"), and online portal and extension of the ACE System that allowed importers to submit requests for liquidation or reliquidation (i.e., refunds of IEEPA Tariffs).

30. On April 20, 2026, CBP launched CAPE functionality that permitted importers to submit applications to obtain refunds of IEEPA Tariffs for certain entries in Phase 1. CAPE Phase 1 accepted applications for entries that were (i) unliquidated; or (ii) within 80 days after liquidation. The 80-day period was CAPE's administrative eligibility cutoff and is distinct from

the legal concept of final liquidation. Entries beyond the full 90-day period for voluntary reliquidation following liquidation are "finally liquidated." *See* 19 U.S.C. §1501.

31. On June 29, 2026, CBP added functionality to CAPE to accommodate additional entry types in Phase 2, namely entries flagged for reconciliation (entry types 01, 02, 06) for which the reconciliation entry (entry type 09) has not been filed.

32. On July 7, 2026, CBP clarified that only warehouse withdrawal entries (Entry Types 31, 32, 34, 38) would be accepted in CAPE, and Entry Types 21 and 22 would no longer be accepted.

33. However, CBP has not expanded CAPE functionality or its refunds of IEEPA Tariffs to entries for which the full 90-day period for voluntary reliquidation following liquidation under 19 U.S.C. §1501 has expired ("Finally Liquidated Entries").

34. On Finally Liquidated Entries, Defendants have asserted in filings in other, similar litigations that "it cannot reliquidate entries without a court order." *V.O.S. Selections, Inc., et. al.*, Case No. 1:25-cv-00066, ECF 105 at p. 11 (Jun. 25, 2026) (Ct. Int'l. Trade).

35. Moreover, Defendants have stated that "it does not object" to the Court ordering reliquidation of entries where unlawful IEEPA Tariffs were paid, and "even if future entries are liquidated, defendants do not intend to oppose the Court's authority to order reliquidation . . . . Such reliquidation would result in a refund of all duties determined to be unlawfully assessed, with interest." *AGS Co. Auto. Sols. v. U.S. Customs & Border Prot.*, 813 F. Supp. 3d 1298, 1300-1301 (Ct. Int'l Trade 2025).

36. In *AGS Co. Automotive Sols. v. U.S. Customs & Border Protection*, 813 F. Supp. 3d 1298, 1300-02 (Ct. Int'l Trade 2025) ("AGS v. CBP"), this Court determined that Defendants

are estopped "in this case and … related cases" from objecting to court-ordered reliquidations of customs entries subject to the IEEPA Tariffs. Plaintiff seeks a declaration that the same estoppel determination applies in this matter.

37. In its motion to stay the Federal Circuit's judgment in *V.O.S. Selections*, the Government represented that "[i]f tariffs imposed on plaintiffs during these appeals are ultimately held unlawful, then the government will issue refunds to plaintiffs, including any postjudgment interest that accrues." Gov't Mot. Stay Pending Appeal at 25, *V.O.S. Selections, Inc. v. Trump*, 149 F.4th 1312 (Fed. Cir. 2025). Because of this representation, Defendants are judicially estopped from contesting this Court's authority to order IEEPA Tariff refunds. *See AGS Co. Automotive Sols.*, 813 F. Supp. 3d 1298, 1300-02 (Ct. Int'l Trade 2025); *Sumecht NA, Inc. v. United States*, 923 F.3d 1340, 1348 (Fed. Cir. 2019).

38. To accommodate Defendants' position, this Court issued orders in the *Euro-Notions* and *Princess Awesome* cases to provide the Government with the authority it needs to begin reliquidating Finally Liquidated Entries without regard to unlawful IEEPA Tariffs and refund those tariffs, with interest, to the specific plaintiffs in those cases who paid such unlawful IEEPA Tariffs. Those orders were entered on behalf of those plaintiffs, not all importers, and Plaintiff now seeks comparable relief for all of its entries subject to IEEPA Tariffs, including but not limited to its Finally Liquidated Entries. *See Euro-Notions Florida, Inc.*, Case No. 1:25-cv-00595, ECF 52 (July 20, 2026) (Ct. Int'l Trade); *see also Princess Awesome, LLC et. al.*, Case No. 1:25-cv-00078, ECF 25 (July 15, 2026) (Ct. Int'l Trade).

## STATEMENT OF FACTS

39. Plaintiff incorporates the paragraphs above as though they were restated here.

40. Beginning on or around March 8, 2025 and continuing at least through August 12, 2025, Plaintiff continuously imported multiple entries containing forklifts, industrial trucks, and related material-handling equipment, parts, components, and accessories into the United States from China. Plaintiff has paid IEEPA Tariffs on numerous entries of imported merchandise from China (collectively, the "Entries").

41. Upon importation of the Entries, Plaintiff was required to pay all estimated tariffs, including IEEPA Tariffs, pursuant to the President's Executive Orders. *See Supra*, ¶¶ 20-23. Upon liquidation of certain of the Entries, Defendant CBP assessed and collected the IEEPA Tariffs on Plaintiff's merchandise in those Entries from Plaintiff. Plaintiff has paid IEEPA Tariffs on its Entries, some of which have been liquidated and others of which remain unliquidated.

42. As one example of why judicial relief is necessary, Plaintiff attempted to seek reliquidation and refunds for some of its Entries through CAPE, but the requests for those Entries were rejected with the following error message: "ENTRY SUMMARY IS IN FINAL LIQUIDATION STATUS," meaning that the requests were rejected because the Entries were more than 80 days past their liquidation dates.

43. Now that Defendants have made clear that a court order is required to process reliquidation and refunds of paid IEEPA Tariffs on Finally Liquidated Entries, and this Court has begun entering such orders, Plaintiff now seeks relief for all Entries on which it paid IEEPA Tariffs, including but not limited to Finally Liquidated Entries, in the form of an order directing Defendants to reliquidate any Entries that have been liquidated and liquidate any Entries that remain unliquidated, in each case without regard to IEEPA Tariffs, and refund all IEEPA Tariffs paid on those Entries.

**COUNT I – Refund of IEEPA Tariffs Paid Plus Interest**

44. Plaintiff incorporates the paragraphs above as though they were restated here.

45. This Court has "the explicit power to order reliquidation and refunds where the government has unlawfully exacted duties." *AGS Co. Auto. Sols.*, 813 F. Supp. 3d 1298, 1302 (quotation and citation omitted).

46. Where the government has extracted unlawful payments such as IEEPA Tariffs, due process requires it to provide "post payment relief" including refund of such payments made. *See McKesson Corp. v. Div. of Alcoholic Beverages & Tobacco, Dep't of Bus. Regul. of Fla.*, 496 U.S. 18 (1990).

47. Defendants have indicated that they will "not object" to or contest the Court's authority if the Court orders refunds of IEEPA Tariffs and reliquidation, without regard to IEEPA Tariffs, of entries like Plaintiff's Entries, including Finally Liquidated Entries. *AGS Co. Auto. Sols.*, 813 F. Supp. 3d 1298, 1300-1302.

48. Further, Defendants have stated that a court order is required to reliquidate Finally Liquidated Entries, including any of Plaintiff's Entries that are Finally Liquidated, without regard to IEEPA Tariffs. *V.O.S. Selections, Inc., et. al.*, Case No. 1:25-cv-00066, ECF 105 at p. 11 (Jun. 25, 2026) (Ct. Int'l. Trade).

49. This Court issued orders in the *Euro-Notions* and *Princess Awesome* cases to provide the Government with the authority it needs to begin reliquidating Finally Liquidated Entries without regard to unlawful IEEPA Tariffs and refund those tariffs, with interest, to the specific plaintiffs in those cases who paid such unlawful IEEPA Tariffs. Those orders were entered on behalf of those plaintiffs, not all importers, and Plaintiff seeks comparable relief for all of its Entries on which it paid IEEPA Tariffs, including but not limited to its Finally Liquidated

Entries. *See Euro-Notions Florida, Inc.*, Case No. 1:25-cv-00595, ECF 52 (July 20, 2026) (Ct. Int'l Trade); *see also Princess Awesome, LLC et. al.,* Case No. 1:25-cv-00078, ECF 25 (July 15, 2026) (Ct. Int'l Trade).

50. Further, in the *Euro-Notions* case, the Court indicated that plaintiffs needing the Court's assistance could seek relief in their own cases, stating that "Plaintiffs needing the court's assistance may, in accordance with the applicable time periods in the USCIT Rules, move to lift the stay on their case and file a motion to reconsider this order or otherwise move." Plaintiff is now seeking comparable relief in this action, including a full refund of all IEEPA Tariffs paid on its Entries. *See Euro-Notions Florida, Inc.*, Case No. 1:25-cv-00595, ECF 52 (July 20, 2026) (Ct. Int'l Trade).

51. Plaintiff has paid IEEPA Tariffs on its Entries and is entitled to similar relief that this Court has already provided to other importers: An order that CBP refund Plaintiff all IEEPA Tariffs that Plaintiff has paid to Defendants, with interest as allowed by law.

52. Furthermore, CBP is now requiring Plaintiff to expend attorney's fees and costs to file litigation to obtain refunds of all IEEPA Tariffs paid by Plaintiff, despite IEEPA Tariffs being declared unlawful and this Court ordering refunds to importers who have paid such unlawful tariffs.

53. As such, Plaintiff is also entitled to the attorney's fees and costs required to obtain refunds of all IEEPA Tariffs paid by Plaintiff in the present action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter an order (1) directing Defendants to: (a) reliquidate any of Plaintiff's entries of imported merchandise subject to IEEPA Tariffs that have been liquidated with IEEPA Tariffs, without regard to IEEPA Tariffs and refund

to Plaintiff all IEEPA Tariffs paid on those entries with interest as provided by law; and (b) liquidate any of Plaintiff's entries of imported merchandise subject to IEEPA Tariffs that remain unliquidated, without regard to IEEPA Tariffs and refund to Plaintiff all IEEPA Tariffs paid on those entries with interest as provided by law; (2) declaring that the Court's estoppel ruling in AGS v. CBP applies in this case and estops Defendants from objecting to court-ordered reliquidations of customs entries subject to the IEEPA Tariffs; (3) award Plaintiff attorneys' fees and all other reasonable expenses and costs incurred as a result of this action under 28 U.S.C. § 2412; and (4) award any other relief this Court deems just and proper under 28 U.S.C. § 2643.

Respectfully submitted,

*<u>/s/ Michael B. Jordan</u>*
Michael B. Jordan
**TROUTMAN PEPPER LOCKE LLP**
1001 Haxall Point, 15th Floor
Richmond, VA 23219
(804) 697-1299
michael.jordan@troutman.com

*Counsel to Plaintiff HELI AMERICA INC.*

Dated: September 3, 2026